# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0652V
Filed: August 31, 2017
UNPUBLISHED

|  |  |
|---|---|
| SARAH ETHERIDGE-CRISWELL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle A. Strait, Maglio Christopher & Toale, PA, Seattle, WA*, for petitioner.
*Ilene C. Albala, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 2, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered an injury to her left shoulder as a result of an influenza ("flu") vaccine administered on December 14, 2014. On March 14, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 30.) Petitioner was awarded $120,000.00.

On August 11, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 35.) Petitioner requests attorneys' fees in the amount of $13,482.50 and attorneys' costs in the amount of $740.41. *Id.* In compliance with General Order #9, petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 35-3.) Thus, the total amount requested is $14,222.91.

On August 21, 2017, respondent filed a response to petitioner's motion. (ECF No. 36.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On August 24, 2017, petitioner filed a reply. (ECF No. 37.)

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the requested hours appear reasonable, and the undersigned will not reduce them; however, she does reduce certain requested hourly rates.

Ms. Strait requests $295.00 per hour for work performed in 2015, $306.00 per hour for work performed in 2016, and $320.00 per hour for work performed in 2017. (ECF 35-1.) In 2017, Ms. Strait is in her seventh year of practice, placing her within the 4-7 year practice range set forth in the 2015-2016 and 2017 Fee Schedules.[3] However, Ms. Strait's requested rates for 2016 and 2017 are outside of the range set forth in the fee schedules for an attorney with her years of experience. The maximum amount to be awarded for an attorney in the 4-7 year range is $300.00 per hour in 2016 and $307.00 per hour in 2017. Thus, the undersigned awards Ms. Strait $300.00 per hour for work performed in 2016 and $307.00 per hour for work performed in 2017, thereby reducing petitioner's application by $182.60.[4]

The remainder of the firm's requested hourly rates fall within the 2015-2016 and 2017 Fee Schedules. The undersigned finds them reasonable and awards them in full.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs, minus the noted reductions.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within are from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] 17.0 hours in 2016 ($102.00); 6.20 hours in 2017 ($80.60).

Accordingly, the undersigned awards:

**A lump sum in the amount of $14,040.31,[5] representing reimbursement for all petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her attorney, Danielle A. Strait, of Maglio Christopher & Toale, PA.[6]**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.